CASE 36—PETITION ORDINARY—OCTOBER 26.

## Thomas' Admr., &c. v. Royster.

APPEAL FROM WEBSTER CIRCUIT COURT.

1. DEATH BY WRONGFUL ACT—SELF EXECUTING PROVISION OF CONSTITUTION.—Section 241 of the constitution giving a right of action for death of a person by the negligence or wrongful act of another was self executing, and an action is maintainable thereunder although the cause of action arose before the enactment of any statute on the subject.

2. WHOEVER DOES A WRONGFUL ACT IS ANSWERABLE FOR ALL THE CONSEQUENCES THAT MAY ENSUE in the ordinary and natural course of events, though such consequences be immediately and directly brought about by intervening causes, if such intervening causes were set in motion by the original wrongdoer.

Driving under whip a team hitched to a vehicle at full speed or "in a gallop" from rear of and past another vehicle in which were women and children traveling quietly along a highway was a wrongful act, and the team hitched to the latter vehicle having become frightened and run away causing the death of a child in the vehicle, the father of the child as administrator has a right of action against the wrongdoer.

HUTCHESON & COOPER FOR APPELLANT.

The suit was brought properly and by the proper person. (Constitution of Ky., sec. 241; Ky. Stats., sec. 6.)

Thomas' Admr., &c. v. Royster.

BAKER & HENSON FOR APPELLEES.

1. The petition does not state a cause of action, because at the time of the alleged negligence there was no statute authorizing a re-covery by a personal representative. (Jordan's Adm'r v. Cincinnati, &c., R. Co.,11 Ky. L. R., 204.)
2. The damages are too remote. The fact that plaintiff's intestate was run over and killed is not the natural and proximate consequence of the act of fast driving.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

W. P. Thomas, administrator of George M. Thomas, his infant son, brought this action to recover damages for destruction of the life of intestate by the negligence or wrongful act of defendants, which occurred under circumstances thus stated in the petition: Plaintiff, his wife and children, including the deceased son, were, on that occasion, in his wagon, drawn by two mules, proceeding at a slow gait along a public highway, when defendants, wantonly and negligently, whipped and drove their horses and buggies up behind and past his vehicle in full gallop, in fact at full speed, thereby scaring and causing his team to become unmanageable and to run away, by reason of which his intestate son was thrown from said wagon, run over by it and killed.

Section 241 of the present constitution provides as follows: "Whenever the death of a person shall result from an injury inflicted by negligence or wrongful act, then, in every such case, damages may be recovered for such death from the corporations or persons so causing the same. Until otherwise provided by law the action to recover such damages shall in all cases be prosecuted by the personal representative of the deceased person. The General Assembly may provide how the recovery shall go and to whom belong,

and until such provision is made the same shall form part of the personal estate of the deceased person."

That section, which is to some extent legislative in character, was evidently intended to be self-executing; and, in anticipation and independent of legislation on the subject, to comprehend and authorize actions for destruction of life by negligence which, in a case like this, were not authorized by existing statutes as construed by this court. For provision is thereby made not only in respect to who may maintain the action, but also in respect to the disposal of the amount recovered.     In our opinion, notwithstanding the cause of this action arose before enactment of any statute on the subject, it is maintainable under that section of the constitution.

The question whether the facts stated in the petition constitute a cause of action should be determined according to a general rule laid down in Addison on Torts, page 5, approved by various authorities cited in Thompson on Negligence, page 1084, and which we think is full and accurate. It is as follows:   "Whoever does a wrongful act is answerable for all the consequences that may ensue in the ordinary and natural course of events, though such consequences be immediately and directly brought about by intervening causes, if such intervening causes were set in motion by the original wrongdoer."

That driving under whip a team hitched to a vehicle at full speed or "in a gallop" from rear of and past another vehicle in which are women and children, traveling quietly along a public highway, will, in the ordinary and natural course of events, frighten the team hitched to the latter vehicle and endanger lives of those in it, and consequently, is a wrongful act, we consider too plain for discussion.

Wherefore, the judgment is reversed and cause remanded for order overruling the demurrer to the petition and other proceedings consistent with this opinion.